**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| RICKY ALLEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 126-134 |
| | * | |
| DEPARTMENT OF VETERANS AFFAIRS; OFFICE OF GENERAL COUNSEL; REVENUE LAW GROUP; MEKA ALEXANDER; and U.S. FEDERAL GOVERNMENT OF GENERAL COUNSEL, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). Upon review of the IFP motion, (doc. 2), the Magistrate Judge determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP (see doc. 4). Thus, on July 27, 2026, the Magistrate Judge denied Plaintiff's IFP motion without prejudice and directed him to submit a new IFP motion within twenty-one days. (Id. at 1-3.) The Magistrate Judge also directed Plaintiff to file an amended complaint because the Court could not establish jurisdiction. (Id. at 3-6.) The Magistrate Judge warned Plaintiff if he did not timely file a new IFP motion or pay the $405.00 filing fee, and submit an amended complaint, he risked dismissal of the case. (Id. at 6.) The time to respond has passed, and Plaintiff has neither complied with the July 27th Order

nor otherwise offered any explanation to the Court why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss

an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to submit a new IFP motion, pay the $405 filing fee, file an amended complaint, or even to provide the Court with an explanation for his failure to timely respond, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Magistrate Judge cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. (Doc. 4, at 6.)

In sum, the time to respond has passed, and Plaintiff has not complied with the Magistrate Judge's July 27th Order. Therefore, the Court **DISMISSES** this case without prejudice and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA